360 So.2d 664 (1978)
Eddie LEGE et al., Plaintiffs-Appellants,
v.
VERMILION PARISH SCHOOL BOARD, Defendant-Appellee.
No. 6690.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Mouton, Roy, Carmouche, Bivens & Hill by H. Purvis Carmouche, Lafayette, for plaintiff-appellant.
Foley, Judell, Beck, Bewley & Martin by Lonnie L. Bewley and Carl G. Schleuter, New Orleans, for plaintiff-appellee.
Broussard, Broussard & Moresi by Paul G. Moresi, Jr., Abbeville, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
This suit is one by qualified electors and taxpayers of Vermilion Parish contesting the validity of an election held pursuant to call by the defendant, which election approved the assumption by the Parish of Vermilion of certain indebtedness of school districts within the Parish; the issuance of bonds in the sum of $19,330,000.00 for a proposed capital improvement program for the schools; and, a proposition by an individual school district to incur debt and issue bonds. Plaintiffs seek to have the election declared invalid and the incurring of any debt or the issuance of any bonds pursuant thereto enjoined. Plaintiffs' suit was dismissed upon a plea of peremption and an exception of no right of action, the trial court concluding that plaintiffs' suit was untimely under the provisions of Article 6, Section 35(A) of the Louisiana Constitution of 1974. Plaintiffs appealed.
The following facts are not disputed. The election was held on December 10, 1977. The results of the election were officially promulgated by publication on December 22, 1977. On February 10, 1978, fifty days following official promulgation, the instant suit was filed, via ordinaria, seeking annulment of the election, a copy of the petition being domiciliarily served on the defendant, through its president, on February 11, 1978. On February 24, 1978, *665 sixty-four days following official promulgation, plaintiffs filed a pleading styled "SUPPLEMENTAL AND AMENDING PETITION" wherein is indicated that the matter previously filed is converted to an action under `Part 14. (sic) Chapter 32 of Title 13 of Louisiana Revised Statutes entitled "Suits to Determine Validity of Governmental Bonds' and in order to do so, to title this procedure `Motion for Judgment' ". The pleading so filed contains essentially the same factual allegations as are contained in the original petition and concludes with essentially the same prayer for relief except that, in addition, plaintiffs make all taxpayers, property owners and citizens of Vermilion Parish, including nonresidents owning property subject to taxation, parties defendant and prays for service by publication pursuant to the provisions of LSA-R.S. 13:5125 together with an order fixing a date, time and place for a hearing; and, that the issuance of any bonds or debt assumption be enjoined. Annexed to this pleading is an order dated February 27, 1978 which requires service by publication pursuant to the cited provision and fixed a hearing on the "Motion for Judgment" for the 20th day of March, 1978. Personal service of this pleading was had on a member of the defendant board pursuant to the provisions of LSA-R.S. 13:5125 on March 2, 1978. Following the filing of this supplemental pleading and on March 9, 1978, defendant filed its plea of peremption and peremptory exception which, as aforesaid, were sustained resulting in the dismissal of plaintiffs' suit.
The sole issue on appeal is whether plaintiffs' suit was timely filed. We agree with the trial court that it was not and affirm.
Article 6, Section 35(A) of the Louisiana Constitution of 1974 reads as follows:
"Section 35. (A) Contesting Election; Time Limit. For sixty days after promulgation of the result of an election held to incur or assume debt, issue bonds, or levy a tax, any person in interest may contest the legality of the election, the bond issue provided for, or the tax authorized, for any cause. After that time no one shall have any cause or right of action to contest the regularity, formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. If the validity of any election, tax, debt assumption, or bond issue authorized or provided for is not raised within the sixty days, the authority to incur or assume debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay the same shall be conclusively presumed to be valid, and no court shall have authority to inquire into such matters."
LSA-R.S. 39:513 (Act 18 1st Ex.Sess.1975) contains provisions almost identical with the constitutional provision above quoted.
The cited constitutional and statutory provisions establish a peremptive period, as opposed to a prescriptive period, during which suits to contest the legality and validity of bond and tax elections shall be brought. In Andrieux v. East Baton Rouge Parish School Board et al. (La.1969) our Supreme Court, in speaking to the effect of a similar provision contained in the 1921 Louisiana Constitution, stated:
". . . the constitutional and statutory peremptive period operates as a complete extinguishment of the right to attack bond and tax elections."
It is clear that under the cited constitutional and statutory provisions, as consistently interpreted by our Supreme Court, unless the initial pleading filed herein by plaintiffs was sufficient to put at issue the validity of the election of December 10, 1977 and the bonds proposed to be issued thereunder or unless the filing of the amended pleading be considered as relating back to the date of the filing of the original pleading, plaintiffs' right to question the validity of the election and issuance of bonds etc. has been extinguished.
DID THE INITIAL PLEADING FILED HEREIN BY PLAINTIFFS PUT AT ISSUE THE VALIDITY OF THE ELECTION OF DECEMBER 10, 1977 AND THE ASSUMPTION OF DEBT AND BONDS PROPOSED TO BE ISSUED THEREUNDER?
Act 385 of 1972, enacted Part 16 of Chapter 32 of Title 13 of Louisiana's Revised *666 Statutes entitled "Suits to Determine Validity of Governmental Bonds". The express legislative intent of that enactment is set forth in Section 5122 which reads as follows:
All suits, actions and proceedings of whatever nature affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds shall be brought only in accordance with the provisions of this Title. These provisions shall supersede all other acts and statutes on the subject and be controlling in all such cases notwithstanding the provisions of any other law or charter to the contrary; provided, however, nothing herein contained shall affect, change, alter or modify in any way any peremptive or prescriptive period for the contesting of bonds of governmental units or elections authorizing their issuance, established pursuant to the constitution and statutes of this state which shall continue to govern the time within which actions covered thereby may be filed. It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels. It is not the intention of the legislature to require or to encourage the validation of all bonds by the judiciary.
Acts 1972, No. 385, § 1, eff. July 26, 1972.
The exclusive procedure which, under this act, shall be followed by one wishing to contest or enjoin the issuance of bonds by a governmental unit[1] and which governs disposition of such proceeding is set forth in Sections 5125 and 5126, which state:
Sec. 5125:
Any person, corporation or association desiring to contest or enjoin the issuance of any such bonds or action taken providing for a new or different source of payment for outstanding bonds shall proceed by motion for judgment brought in the court having jurisdiction as provided in R.S. 13:5123. Upon the filing of any such motion for judgment, the court shall enter an order requiring the publication of the motion in some newspaper published in or having general circulation in such governmental unit two times within a period of fifteen consecutive calendar days from the date of the issuance of the order specifying the dates for publication thereof, with the first publication as hereinabove provided to be not later than eight days from and after the date of the issuance of the order, and at the same time fix a time and place for hearing the proceeding, which time and place shall be published with the motion for judgment. The date fixed for the hearing shall be at least ten days, but not more than thirteen days, after the second publication of such motion for judgment. In addition to such publication, the plaintiff must secure personal service on at least one member of the governing body of the governmental unit whose actions or proceedings are sought to be contested or enjoined.
Acts 1972, No. 385, § 1, eff. July 26, 1972. Amended by Acts 1975, No. 230, § 1, eff. July 16, 1975.
Sec. 5126:
Any party defendant may answer such motion for judgment within seven days after the second publication thereof but not thereafter. Any property owner, taxpayer, citizen, or other person in interest may become a party to said proceedings by pleading to the motion within seven days after the second publication thereof, or thereafter by intervention upon leave of court. In the event no *667 answers or pleadings are filed by any person with respect to the motion or judgment within the time set forth in the preceding sentences of this Section, the plaintiff may file a motion requesting the court to consider and pass upon questions certified therein in rendering its judgment. At the time and place designated in the order for hearing, the judge shall proceed to hear and determine all questions of law and fact in said cause and may make such orders as to the proceedings and such adjournments as will enable him properly to try and determine the same and to render a final judgment therein with the least possible delay. To the extent possible and practicable under the circumstances, judgment shall be rendered within ten days after the hearing is concluded.
Acts 1972, No. 385, § 1, eff. July 26, 1972. Amended by Acts 1975, No. 230, § 1, eff. July 16, 1975.
It is obvious that the initial pleading filed by plaintiffs within the peremptive period, a petition via ordinaria, was not filed in accordance with the provisions of LSA-R.S. 13:5121 et seq., and does not comply with the procedural requirements therein set forth. The proceeding is not a "motion for judgment"; upon filing of the pleading no order was sought nor granted requiring publication of the pleading; the initial pleading was not published; no order was sought nor granted fixing a time and place for hearing the proceeding; and, most important, personal service of the initial pleading on at least one member of the defendant board was not made at any time during the 60 day period immediately following official promulgation of the election as is specifically required by the provisions of LSA-R.S. 13:5125.
The procedure set forth in the cited statute is radically different from any procedure via ordinaria and is, by the very explicit terms of the statute, made exclusive, all other acts and statutes on the subject being superseded. This being considered, it is axiomatic that plaintiffs' initial pleading filed within the peremptive period allowed by La. Constitution Article 6 Section 35(A) failed to state a right or cause of action insofar as it purported to place at issue the validity of the election of December 10, 1977 and/or the proposals thereunder and must be considered of no effect. Our conclusion that the proceedings filed during the peremptive period are null, void and of no effect is made clear when one considers that there was no citation or service of the pleading filed pursuant to the express requirements of the statute. Section 5125 expressly requires service by publication of the motion for judgment and in addition "the plaintiff must secure personal service on at least one member of the governing body of the governmental unit whose actions or proceedings are sought to be contested or enjoined". The record reflects that the original pleading was neither published nor was personal service thereof made on any member of the defendant board. Under these circumstances the proceedings are absolutely null. LSA-C.C.P. Articles 1201 and 1231.
DID THE FILING OF THE AMENDED PLEADING RELATE BACK TO THE DATE OF THE FILING OF THE ORIGINAL PETITION?
In the alternative, plaintiffs contend that their supplemental pleading, admittedly filed after accrual of the 60 day peremptive period, which complies with the substance and procedural requirements of LSA-R.S. 13:5121 et seq., relates back to the time of the filing of the original pleading with the effect being that the present suit should be considered to have been brought within the 60 day period. In support of their contention plaintiffs cite LSA-C.C.P. Article 1153, which states:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading."
We acknowledge the ingeniousness of this argument but conclude that it is without *668 merit. In disposing of this alternative contention the learned trial judge stated, and we quote approvingly:
"Plaintiffs contend that the original petition interrupted the sixty day period.
The case of Andreux v. East Baton Rouge Parish School Board, 227 So.2d 370 held that Article 14, Section 14(n) of the Constitution of 1921 (the counterpart of Article 6, Section 35(A) of the 1974 Constitution), above quoted, established a peremptive period and not a prescriptive period.
The Supreme Court in the Succession of Pizzillo, 55 So.2d 782 stated:
'The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of the essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right. . . . Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists.' (Emphasis added)
It is well settled in Louisiana Jurisprudence that a peremptive period can not be interrupted. As Professor Dainow, L.S.U. Law School, pointed out in the Louisiana Law Review, `There can be no repeat, no interference with the running of time; there can be no interruption by suit or acknowledgment, nor suspension for minority or other reasons.'
It is thus apparent that the first suit filed by the plaintiffs under the wrong statute, without naming all of the necessary parties defendant, without the necessary court order and the required two publications in the newspaper is invalid.
The second suit was not filed timely under the provisions of the Louisiana Constitution and can not be considered. The exception filed by the defendant must therefore be sustained . . ."
We amplify the trial court's excellent reasons in connection with the above simply to observe that the initial pleading being completely without effect, insofar as it purported to state a right or cause of action placing at issue the validity of the election of December 10, 1977 and the proposals thereunder, there was simply nothing to relate back to and the cited article is therefore inapplicable. In disposing of a similar issue, in a different but analogous factual situation, our brethren of the Fourth Circuit in Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir. 1966), writ refused 248 La. 1106, 184 So.2d 27, stated:
"Plaintiffs cite LSA-C.C.P. articles 1151 and 1153, dealing with the amending of petitions, and a number of cases in support of his position that their amended petition should relate back to the date of the original petition and thus save the action from extinction. Most of these deal with prescription and are inapplicable in view of our opinion that the one year time limitation involved here is one of peremption. The Code of Procedure articles referred to are, we believe, predicated on the assumption that the plaintiff is in Court (which, as we have seen, is not the situation in the case before us), and that both the original and the amending supplemental petitions assert one and the same right or cause of action."
For the above and foregoing reasons the judgment of the trial court dismissing plaintiffs' suit is affirmed. All costs on appeal are assessed to appellants.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:5121 defines "Governmental unit" as, among others, "parish and municipal school boards and districts . . .".