CARTER, Judge:
This appeal is from a trial court’s decision to sustain the defendant-appellees’ peremptory exception of no right and no cause of action. We affirm.
On November 4, 1980, in a bond election, the following proposition was approved by the voters of Iberville Parish:
“Shall Waterworks District No. 2 of the Parish of Iberville, Louisiana, incur debt and issue bonds to the amount of One Million Five Hundred Thousand Dollars ($1,500,000), to run twenty-five (25) years from date thereof, with interest at a rate not exceeding nine per centum (9%) per annum, for the purpose of constructing and acquiring improvements to continue the existing waterworks services now being provided therein, including additions to the water treatment plant and enlargements of water storage facilities, together with all necessary facilities in public, which bonds will be general obligations of ad valorem taxes to be levied and collected in the manner provided by Article VI, Section 33 óf the Constitution of the State of Louisiana of 1974, and statutory authority supplemental thereof?”
The plaintiffs-appellants, Cosmar, Incorporated, American Petrofina, Incorporated, Borg Warner Corporation, and Carville Properties, Inc. are property owners in an industrial area in Iberville Parish established by the Police Jury of that parish pursuant to the provisions of La.R.S. 33:130.11 et seq. They filed suit under La. R.S. 18:1294 against Waterworks District No. 2 of the Parish of Iberville and the Parish of Iberville within sixty days of the promulgation of the results of the election. Appellants objected to certain language in the resolution of the Police Jury calling the election which approves the levy of an ad valorem tax on all property within the Waterworks District. They claim that they are exempt by law from this tax. Thus, they claim, “the tax to support the bonds, and therefore the bond issue itself, dependent upon such tax, will be illegal.” Appellants concluded their petition with a prayer that “the bond issued provided for in the described resolution, and bond issue proposition, be declared illegal, or that alternatively the lands of petitioners within the Industrial Area be declared free of any increased ad valorem tax which may come to be levied by or for the District as a result thereof.”
To this petition, the defendants, appellees here, filed a peremptory exception of no right and no cause of action. They argued that because appellants did not follow the proper mandatory procedure to contest a bond issue, as set out in La.R.S. 13:5121 to 13:5130, that appellants were forever barred from attacking the validity of the bonds by La.Const. art. VI, Section 35(A). The trial court maintained the exception.
Appellants particularly rely on the .case of Audubon Insurance Co. v. Parish of East Baton Rouge, 366 So.2d 972 (La.App. 1st Cir, 1978). In that case, the Parish of East Baton Rouge held an election in which two *821 propositions were passed by the voters to levy taxes to fund garbage collections. Plaintiff paid the tax under protest and filed suit for its return under La.R.S. 47:2110. The defendants, Parish of East Baton Rouge and the Parish Council of the Parish of East Baton Rouge, filed a peremptory exception of prescription under La. Const, art. 6, Sec. 35(A) and La.R.S. 39:513 (now La.R.S. 18:1294).
La.R.S. 47:2110 provides in pertinent part as follows:
“A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, such amount so segregated shall be further held pending the outcome of the suit. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the rate of two per centum per annum for the period from the date such funds were received by the officer to the date of such refund.”
La.R.S. 18:1294 provides:
“For sixty days after promulgation of the results of an election held under this Chapter to incur debt, issue bonds, levy or increase a tax or assume debt, any person in interest may contest the legality of the election, the bond issue provided for, the tax authorized, or the assumption of indebtedness for any cause. After that time no one shall have any cause or right of action to contest the regularity, formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. If the validity of any election, tax, debt assumption, or bond issue authorized or provided for is not raised within the sixty days, the authority to incur or assume debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay the same shall be conclusively presumed to be valid, and no court shall have authority to inquire into such matters.”
This court resolved the apparent procedural conflict between La.R.S. 47:2110 and La.R.S. 39:513 (La.R.S. 18:1284) by concluding that the former was intended to apply to those taxes levied under authority granted the state or political subdivision by the legislature or by the constitution. Since there was no mention in La.R.S. 47:2110.of a tax authorized by an election, the court found a distinction. The tax in Audubon was authorized by an election, so the applicable peremptive period was that provided in La.R.S. 18:1294.
The obvious distinction between Audubon and the present case is that the tax in Audubon was authorized by an election, whereas the tax in this case was mandated by the constitution to support the bonds. The proposition submitted to the voters specified that the bonds would be general obligations of ad valorem taxes to be levied and collected in the manner provided by La.Const. art. YI, sec. 33. That provision reads as follows:
“(A) Authorization. Subject to approval by the State Bond Commission or its successor, general obligation bonds may be issued only after authorization by a majority of the electors voting on the proposition at an election in the political subdivision issuing the bonds. Bonds to refund outstanding indebtedness at the same or at a lower effective rate of interest, even though payable solely from ad valorem taxes, need not be authorized at an election if the indebtedness refunded is paid or cancelled at the time of the delivery of the refunding bonds, or if money, or securities made eligible for *822 such purpose by law, are deposited in escrow in an adequate amount, with interest, to be utilized solely to retire the refunded indebtedness or bonds and to pay interest thereon and redemption premiums, if any, to the time of retirement.
“(B). Full Faith and Credit. The full faith and credit of a political subdivision is hereby pledged to the payment of general obligation bonds issued by it under this constitution or the statute or proceedings pursuant to which they are issued. The governing authority of the issuing political subdivision shall levy and collect or cause to be levied and collected on all taxable property in the political subdivision ad valorem taxes sufficient to pay principal and interest and redemption premiums, if any, on such bonds as they mature.”
Audubon is relevant to the present case (specifically to appellants’ alternative prayer to be free of any increased ad valorem tax) to the extent that it specifies the procedure to be followed by any person resisting the payment of any amount of ad valo-rem tax found due when that tax is imposed by the state, or by any political subdivision thereof under authority granted to it by the legislature or by the constitution. Audubon is not, however, authority for the proposition that La.R.S. 18:1294 is the proper procedure to contest the validity of a bond proposition.
The proper procedure to contest a bond issue is that set out in La.R.S. 13:5121-5130. These provisions are contained in Part XVI, Chapter 32, Title 13, Louisiana Revised Statute of 1950, as amended, and are entitled “Suits to Determine Validity of Governmental Bonds.” The legislature has recognized the unique nature of bonds and the importance of insuring their marketability and has thus provided a method to expedite all proceedings which involve the validity of the bonds. This legislative intent is revealed in La.R.S. 13:5122:
“All suits, actions and proceedings of whatever nature affecting the validity of bonds of a governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds shall be brought only in accordance with the provisions of this Title. These provisions shall supersede all other acts and statutes on the subject and be controlling in all such cases notwithstanding the provisions of any other law or charter to the contrary; provided, however, nothing herein contained shall affect, change, alter or modify in any way any peremptive or prescriptive period for the contesting of bonds of governmental units or elections authorizing their issuance, established pursuant to the constitution and statutes of this state which shall continue to govern the time within which actions covered thereby may be filed. It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels. It is not the intention of the legislature to require or to encourage the validation of all bonds by the judiciary.”
Other sections in Part XVI set forth the mandatory procedure to be followed. By not following these procedures, appellants failed to place at issue the validity of the bond proposition and are thus barred from later doing so by the peremptive period of La.Const. art. 6, Sec. 35(A). Lege v. Vermilion Parish School Bd., 360 So.2d 664 (La. App. 3d Cir. 1978).
For the above reasons, the trial court’s judgment maintaining the exception of no cause of action is affirmed. The costs, both of trial and appeal, are to be paid by plaintiffs-appellants.
AFFIRMED.