BARRY, Judge.
On April 11, 1983 the Board of Zoning Adjustments (BZA) filed a decision concerning zoning variances requested by George Gomez (relator). On April 29th plaintiff filed suit in Civil District Court against relators seeking to overturn the BZA’s decision and to enjoin additional construction. On June 3, 1983 plaintiff filed a “Second Supplemental and Amending Petition” wherein he changed his suit to read “Application for Writ” and requested that certio-rari issue to the BZA. On July 5th the City of New Orleans and BZA filed an Exception of Prescription, and the other relators filed an Exception of Peremption. Both exceptions were heard on October 28th, denied on November 7th, and this writ was filed on November 29, 1983.
The City contends plaintiffs appeal to the district court was untimely because his original petition did not seek a writ of certiorari and the supplemental and amending petition, which did seek a writ, was filed after the statutory 30-day preemptive/prescriptive period. The City argues that, because of the exclusiveness of the statutory procedure for zoning appeals and the strict requirements for perfecting such appeals, plaintiff’s amended petition did not relate back to the date of filing his original petition. The City relies on Lege v. Vermilion Parish School Board, 360 So.2d 664 (La.App.3d Cir.1978).
We find Lege distinguishable because it involved a suit by taxpayers and electors attempting to challenge a bond election. The peremptive period for contesting an election is delineated in our La. Constitution [1] and the exclusive procedure for such challenges is specified by statute.[2] Unlike an ordinary lawsuit, the procedure for contesting an election is an extraordinary measure, requiring the challenger to file a “motion for judgment” which must be published in a general newspaper within certain time periods, etc. The statute also contains special notice and service requirements. The plaintiffs in Lege filed a suit via ordinaria which failed to conform to any of the statutory specifications and plaintiffs’ supplemental petition, attempting to conform to the statutory provisions, was held untimely.
The procedure to review a BZA decision is not substantially different from the procedure for review of many other administrative rulings.[3]
*671 We agree with the trial court that plaintiffs original petition complies with R.S. 33:4727. The petition was filed within 30 days of the BZA decision; it was “duly verified” by the plaintiff and properly notarized; it set forth the alleged “grounds of the illegality”, i.e., the failure to provide proper notice and the incompatibility of the use with B-l zoning. The petition sought an injunction against additional construction on the premises and requested that the district court “overturn the variance granted by the BZA.”
The statute does not require that a petition for review of a BZA decision be captioned “Petition for Writ of Certiorari”, nor does the statute require that the petition specifically request such a writ. Rather, the statute provides that, “Upon the presentation of such petition, [i.e., the verified petition complaining of a board decision] the court may allow a writ of certio-rari directed to the Board of Adjustment to review the decision_” (our emphasis). Issuance of the writ is merely the vehicle by which the district court initiates review in response to a petition alleging error or illegality which may be meritorious. LSA-C.C.P. Art. 854 provides: “No technical pleadings are required.” The courts are directed to construe all pleadings to do substantial justice and, under Art. 862, “shall grant the relief to which the party ... is entitled, ... even if the party has not demanded such relief in his pleadings....”
The City attempts to classify plaintiffs original petition as a “collateral attack” on the BZA decision, as opposed to a request for appellate review. A collateral attack, however, is an attempt to defeat a judgment “in some incidental proceeding not provided by law for the express purpose of attacking it.” See Black’s Law Dictionary, citing May v. Casker, 188 Okl. 448, 110 P.2d 287, 289. A collateral attack is initiated in a separate lawsuit filed in a trial court, not in the appellate court. Here, the district court functions as the first court of appellate review. Plaintiffs original petition specifically sought reversal of the BZA’s decision. Thus, it was not a collateral attack, but rather a petition for appellate relief. The only difference between plaintiffs original petition and his supplemental and amending petition is that the latter changed the caption of the pleading to read, “Application for Writ” and requested the District Court to grant a writ and overturn the BZA decision for the reasons set forth in the original petition. Both the cause of action and the relief sought were properly set forth in the original petition.
We find no error in the denial of the City’s exception of prescription.
WRITS DENIED.

. See La. Const. Art. 6, Section 35(A) 1974.

. See LSA-R.S. 39:513.

. LSA-R.S. 33:4727 provides in part:
Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment and shall prescribe therein the time within which a return may be made and served upon the relator’s attorney, which shall be not less than ten days but which may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from but the court may, on application, on notice to the board and on due cause shown, grant a restraining order. The board of adjustment shall not be required to return the original papers acted upon by it, but may return certified or sworn copies thereof or such portions thereof as may be called for by the writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or in part, or may modify the decision brought up for review. Costs shall not be allowed against the board unless it appears to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from. All issues in any proceedings under this Section shall have preference over all other civil actions and proceedings.
Article 15, Section 2.4.5 of the Comprehensive Zoning Ordinance provides in part:
*671 Appeals to the Court. Any person or persons, or any officer, department, commission, board, bureau, or any other agency of the City of New Orleans jointly or singularly aggrieved by any decision of the Board of Zoning Adjustments may present to the Civil District Court of the Parish of Orleans, within thirty (30) days after filing of the decision in the office of the Board, a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana.