943 So.2d 492 (2006)
Don RISTROPH, and All Those Similarly Situated, All Taxpayers and All Other Persons Interested in or Affected in any Way by the Issuance of not to Exceed $17,500,000 Gulf Opportunity Zone Act to the Louisiana Public Facilities Authority on Behalf of Pipeline Technology VI, LLC
v.
LOUISIANA PUBLIC FACILITIES AUTHORITY, Pipeline Technology VI, LLC.
No. 2006 CA 1669.
Court of Appeal of Louisiana, First Circuit.
September 14, 2006.
Kirk A. Patrick, Holly Q. Sides, David F. Zuber, Baton Rouge, Counsel for Plaintiffs/Appellants, Don Ristroph, et al.
Gordon D. Polozola, Baton Rouge, Counsel for Defendant/Appellee, Pipeline Technology VI, LLC.
Harry J. Philips, Jr., Tracy A. Morganti, Baton Rouge, Counsel for Defendant/Appellee, Louisiana Public Facilities Authority.
Before: CARTER, C.J., WHIPPLE, PETTIGREW, DOWNING, and MCDONALD, JJ.
CARTER, C.J.
The sole issue for this court's consideration is whether plaintiff, Don Ristroph's, motion for judgment seeking invalidation of a bond issuance is perempted as a matter of law. Finding plaintiff timely exercised his right to challenge the bond issuance, we reverse and remand.

*494 Facts and Procedural History

The undisputed facts establish that on February 7, 2006, and May 8, 2006, defendant Louisiana Public Facilities Authority (LPFA), under and pursuant to the provisions of the Louisiana Public Trust Act, LSA-R.S. 9:2341-2347, adopted Resolutions granting preliminary and final approval to the issuance of up to $17,500,000 of the LPFA's Gulf Opportunity Zone Bonds (Go Zone Bonds)[1] for the benefit of defendant Pipeline Technology VI, LLC (Pipeline). The bonds were designated as "Louisiana Public Facilities Authority Taxable and/or Tax-Exempt Revenue Bonds (Pipeline Technology VI, L.L.C. Project) Series 2006." Pipeline seeks the funds to construct an underground benzene pipeline. Notice of the sale of the bonds was published in The Advocate on May 9, 2006, and in the Daily Journal of Commerce on May 11, 2006.
By Resolution dated May 18, 2006, the Louisiana State Bond Commission (Bond Commission) granted final approval to the issuance of the bonds and designated the bonds as "qualified Gulf Opportunity Zone Bonds."
On June 7, 2006, Ristroph[2] filed a "Petition for Motion for Judgment and for Injunctive Relief" against LPFA and Pipeline. Ristroph's motion for judgment states "Louisiana Revised Statute[s] 13:5121, et seq. (the "Bond Validation Act") provides a judicial mechanism by which issuers and challengers of bond issuances or governmental units may validate or challenge the issuance of governmental bonds. This suit is brought pursuant to the Bond Validation Act."
On June 28, 2006, LPFA and Pipeline filed an answer, therein raising several exceptions and affirmative defenses. Significant to this appeal, LPFA and Pipeline maintained that Ristroph's suit was perempted and absolutely null due to Ristroph's failure to submit to, or obtain from, the trial court an order for the publication of the motion for judgment. Louisiana Revised Statutes 13:5125 provides that upon the filing of a motion for judgment, "the court shall enter an order" requiring publication of the motion for judgment within five days following its filing.
Following a contradictory hearing and after taking the matter under advisement, the trial court ruled in favor of the defendants, granting their peremptory exception raising the objection of peremption and dismissing plaintiffs' suit with prejudice. This expedited appeal follows.[3]

Standard of Review
The relevant facts are not in dispute; therefore, the doctrine of manifest error does not apply to this court's review of the trial court's decision. Appellate review of questions of law is simply to determine whether the trial court was legally correct. Cangelosi v. Allstate Insurance *495 Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375.

Discussion
The Bond Validation Act sets forth the exclusive procedures for an action seeking the invalidation of the issuance of a municipal bond. Louisiana Revised Statutes 13:5122 states in pertinent part:
All suits, actions and proceedings of whatever nature affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds shall be brought only in accordance with the provisions of this Title. These provisions shall supersede all other acts and statutes on the subject and be controlling in all such cases notwithstanding the provisions of any other law or charter to the contrary; provided, however, nothing herein contained shall affect, change, alter or modify in any way any peremptive or prescriptive period for the contesting of bonds of governmental units or elections authorizing their issuance, established pursuant to the constitution and statutes of this state which shall continue to govern the time within which actions covered thereby may be filed. It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels. It is not the intention of the legislature to require or to encourage the validation of all bonds by the judiciary. (Emphasis supplied.)
It is undisputed that the applicable peremptive period is found in LSA-R.S. 9:2347H, which provides in pertinent part:
For a period of thirty days from the date of publication of the notice of sale, any person or persons in interest shall have the right to contest the legality of the notice of sale, resolution or other proceedings authorizing the issuance of the bonds and the legality of the bond issue for any cause, after which time no one shall have any cause or right of action to contest the legality of said resolution or other proceedings or of the bonds authorized thereby for any cause whatsoever. If no suit, action or proceedings are begun contesting the validity of the bonds within the thirty days herein prescribed, the authority to issue the bonds and to provide for the payment thereof, the legality thereof and of all of the provisions of the resolution or other proceedings authorizing the issuance of the bonds shall be conclusively presumed, and no court shall have authority to inquire into such matters. (Emphasis supplied.)
Louisiana Revised Statutes 13:5125 delineates the procedure to be followed after a motion for judgment is filed. Specifically:
Any person, corporation or association desiring to contest or enjoin the issuance of any such bonds or action taken providing for a new or different source of payment for outstanding bonds shall proceed by motion for judgment brought in the court having jurisdiction as provided in R.S. 13:5123. Upon the filing of any such motion for judgment, the court shall enter an order within five days following such filing requiring the publication of the motion in some newspaper published in or having general *496 circulation in such governmental unit two times within a period of fifteen consecutive calendar days from the date of the issuance of the order specifying the dates for publication thereof, with the first publication as hereinabove provided to be not later than eight days from and after the date of the issuance of the order, and at the same time fix a time and place for hearing the proceeding, which time and place shall be published with the motion for judgment. The date fixed for the hearing shall be at least ten days, but not more than thirteen days, after the second publication of such motion for judgment. In addition to such publication, the plaintiff must secure personal service at least five days prior to the second publication of the motion for judgment on at least one member of the governing body of the governmental unit whose actions or proceedings are sought to be contested or enjoined. (Emphasis supplied.)
It is undisputed that plaintiff's motion for judgment was filed 28 days after publication of the notice of sale, within the 30-day peremptive period established in LSA-R.S. 9:2347H. However, defendants maintain that because plaintiff has not complied with the requirements of LSA-R.S. 13:5125 (i.e. "the court shall enter an order within five days" of such filing) his motion for judgment is absolutely null. Defendants reason that the filing of a bond validation suit carries with it the responsibility to ensure compliance with the mandatory deadlines established in LSA-R.S. 13:5125.
Defendants rely on a 1978 decision from the Third Circuit Court of Appeal, Lege v. Vermilion Parish School Board, 360 So.2d 664 (La.App. 3 Cir.1978), a decision the trial court also relied on in its reasons for judgment. In particular, the third circuit reasoned:
Our conclusion that the proceedings filed during the peremptive period are null, void and of no effect is made clear when one considers that there was no citation or service of the pleading filed pursuant to the express requirements of the statute [LSA-R.S. 13:5125]. . . . The record reflects that the original pleading was neither published nor was personal service thereof made on any member of the defendant board. Under these circumstances, the proceedings are absolutely null.
Lege, 360 So.2d at 667 (emphasis supplied).
The holding in Lege cannot be considered without reference to the facts of the case. In Lege, the voters approved the assumption of indebtedness of several parish school districts and the issuance of bonds for a school improvement program. The voters also authorized an individual school district to incur debt and issue bonds. Plaintiffs filed an ordinary proceeding, seeking annulment of the election. Subsequently, plaintiffs filed a supplemental and amending petition, seeking to convert the matter into a "Motion for Judgment," therein seeking to enjoin the issuance of any bonds or the assumption of any debts. In the supplemental and amending petition, plaintiffs prayed for service by publication in accordance with LSA-R.S. 13:5125. Although the initial petition was filed within the peremptive period for challenging the validity of the bonds, it was not a proper challenge to the bond issuance. The petition was not a "motion for judgment;" it was filed under the wrong statute. And although the supplemental and amending petition properly put at issue the validity of the bond issuance, complying with the substantive and procedural requirements of LSA-R.S.13:5121, et seq., it was not filed within the peremptive period. Nor could the supplemental and amending petition "relate *497 back" to the time of filing the original petition. A peremptive period cannot be interrupted. Lege, 360 So.2d at 668 (jurisprudence now codified in LSA-C.C. art. 3461). It was "[u]nder these circumstances," the Lege court concluded that the proceedings were absolutely null.
In contrast to Lege, in the present suit, plaintiff initiated his "motion for judgment" within the time delays established for challenging the issuance of a municipal bond. As required by LSA-R.S. 9:2347H, plaintiff's suit was filed within thirty days of the publication of the notice of sale of the bonds. Plaintiff's petition clearly states that the action is being brought pursuant to the "Bond Validation Act."[4]
During the 1982 Revisions to the Louisiana Civil Code, 1982 Acts No. 187, § 1, effective January 1, 1983, the Louisiana Legislature enacted Louisiana Civil Code articles 3458-3461, relative to peremption. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LSA-C.C. art. 3458. Peremption may not be renounced, interrupted, or suspended. LSA-C.C. art. 3461. "Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462 [by filing suit], the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right." LSA-C.C. art. 3461, Revision Comments-1982, comment c; Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc., 98-2216 (La.App. 1 Cir. 11/5/99), 745 So.2d 1194, 1195, writ denied, 99-3446 (La.2/11/00), 754 So.2d 937. Like prescription statutes, peremption statutes are to be strictly construed against peremption and in favor of the claim that is said to be extinguished. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted. Albach v. Kennedy, 00-0636 (La.App. 1 Cir. 8/6/01), 801 So.2d 476, 482, writ denied, 01-2499 (La.10/12/01), 799 So.2d 1138.
We agree with plaintiff that defendants, in effect, seek to insert an additional requirement into LSA-R.S. 9:2347, namely that a plaintiff in a bond validation proceeding shall submit an order for publication to the district court. Although the best practice is that a plaintiff provides the court with such an order, we do not find it to be a legal requirement in the absence of which a plaintiff loses his right to proceed with a timely-filed bond validation suit. Plaintiff timely exercised his right to challenge the bond issuance by initiating this action within the peremptive period established by LSA-R.S. 9:2347H. Once the right was exercised and as long as the action is pending, the lapse of the period of peremption will not extinguish that right.

Conclusion
For the above stated reasons, the trial court's judgment granting the defendants' peremptory exception raising the objection of peremption and dismissing plaintiffs' suit is reversed, and this matter is remanded to the district court for further *498 proceedings consistent with this court's opinion. Costs of this appeal are assessed to the defendants, Louisiana Public Facilities Authority and Pipeline Technology VI, LLC.
REVERSED AND REMANDED.
McDONALD, J. Concurring.
While I agree with the result reached by the majority in this opinion, I feel several issues need further amplification. Lege is clearly factually distinguishable. In Lege the Third Circuit did not dismiss the case for failure to follow the requirements of L.R.S. 13:5125 in obtaining the court order and publishing the notice. The decision was based on the plaintiff filing the wrong type of lawsuit and trying to remedy this error by attempting to amend it with the correct petition. As noted by the majority, a peremptive period cannot be interrupted and the supplemental and amending petition could not relate back to the filing of the original suit. The discussion about the failure to comply with the statutory provisions regarding obtaining an order for publication is merely dicta.
I agree that under the facts of this case, the court's failure to enter the order requiring publication within five days of the filing of plaintiff's motion challenging the validation of the bonds should not defeat the timely filed challenge. I differ with the conclusion reached by my colleagues that "the best practice is that a plaintiff provides the court with such an order." I believe the plaintiff has the obligation to insure that the court timely enters its order. The statute's requirement that the "the court shall enter an order," in my opinion, means that the court will not have any discretion, and once the order is submitted, it shall be signed, and within five days of the filing of plaintiff's motion. Without action by the plaintiff, there is no way the court would even be aware of the filing of the motion. Therefore, I believe that it is the plaintiff's obligation to submit the appropriate order to the court within five days of filing the motion challenging the bond issuance and the court has no obligation to provide such an order.
I also disagree with the majority's conclusion that once the pleading is timely filed and "the action is pending, the lapse of the period of peremption will not extinguish that right." The bond validation procedure was enacted to be an expeditious procedure. The process and the time frames in which it is to occur are mandated by law with due regard for the public fisc and the rights of persons in interest to raise material and substantial questions. In this case, there is no prejudice to the defendant by the failure to secure the order and provide for the publication. The hearing was held on July 13, 2006. Had the statutory provisions been followed, the last day for the hearing would have been July 10. The LPFA filed its answer and responsive pleadings on June 28, two days prior to being served. Because the plaintiff timely invoked his right to challenge the validity of the bond issue, and the hearing on the matter was only days after it would have been had the correct procedures been followed, I agree with the majority that the suit should not have been dismissed. I do not agree that filing suit is sufficient to insure a right to proceed when the further requirements of the action are not timely pursued. I can envision a situation where the petition was filed within the 30 day time period and the delays in notice or service would be such that a defendant could be highly prejudiced. The bond validation procedure is intended to be an expedient, summary proceeding. If the action of the petitioner is such as to basically convert it to an ordinary proceeding, then I would not reach *499 the same conclusion as that reached by the majority today.
For these reasons, I respectfully concur.
NOTES
[1] The Gulf Opportunity Zone Act of 2005, Pub.L. No. 109-135, 119 Stat. 2577 (2005) amended the Internal Revenue Code of 1986 "to provide tax benefits for the Gulf Opportunity Zone and certain areas affected by Hurricanes Rita and Wilma, and for other purposes."
[2] Ristroph is a private landowner whose property Pipeline seeks to obtain for the purpose of constructing its benzene pipeline. An expropriation suit, entitled Pipeline Technology VI, LLC v. Don L. Ristroph, is pending in the Eighteenth Judicial District Court, Parish of Iberville, under docket number 63573-D. Ristroph filed the present suit in his own name and in the name of "all those similarly situated, all taxpayers and all other persons interested in or affected in any way by the issuance" of the bonds.
[3] We have treated this appeal expeditiously as mandated by LSA-R.S. 13:5128 of the Bond Validation Act.
[4] In their response brief, defendants maintain that plaintiff's petition fails to state a cause of action under the Bond Validation Act. Although defendants have not appealed from the trial court's judgment nor answered this appeal, we will address this issue pursuant to LSA-C.C.P. art. 927B. We find plaintiff's petition states a cause of action challenging the validity of the bond issue in accordance with LSA-R.S. 13:5122, which states that "[a]ll suits, actions and proceedings of whatever nature affecting the validity of bonds . . . shall be brought only in accordance with the provisions of this Title." (Emphasis supplied.)