DRAKE, J.,
concurring in part and dissenting in part.
| iWhile I agree with the majority that service by publication of the Motion for Judgment filed by the Louisiana Local Government Environmental Facilities and Community Development Authority (the LCD A), pursuant to La. R.S. 13:5124 of the Bond Validation Act, La. R.S. 13:5121, et seq., does not raise constitutional due process concerns and, thus, does not provide a basis for denying the Motion for Judgment herein, I disagree with the majority’s ultimate determination that the district court’s judgment, denying the LCDA’s Motion for Judgment, should nonetheless be affirmed (as amended).
The LCDA filed this action pursuant to the Bond Validation Act to establish the validity and legality of its proposed Property Assessed Clean Energy Special Assessment Revenue Bonds (PACE bonds) and the related contracts, prior to the marketing of the bonds. The LCDA asserts that the district court’s denial of its Motion for Judgment constitutes legal error because, in the absence of a properly asserted challenge, there was no factual or legal basis on which to deny the Motion.
Pursuant to the Bond Validation Act, within seven days after the second publication of a motion for judgment, any party defendant may answer such motion. In the event no answers are filed by any person within the time prescribed, “the plaintiff may file a motion requesting the court to | ¡.consider and pass upon questions certified therein in rendering its judgment.” La. R.S. 13:5126.
The governmental unit seeking judicial validation of the bonds it proposes to issue bears the burden of establishing the validity of that proposed bond issue. Louisiana Local Government Environmental Facilities and Community Development Authority, 56 So.3d at 1202. While the Bond Validation Act is silent as to what evidence must be introduced by the governmental unit in order to meet its burden, the Act instructs as follows:
No court in which a proceeding to invalidate or sustain bonds is brought shall invalidate the bonds unless it finds substantial defects, material errors and omissions in the incidents of such bond issue. Matters of form shall be disregarded.
La. R.S. 13:5130; Louisiana Local Government Environmental Facilities and Community Development Authority, 56 So.3d at 1203. Thus, this court is called upon decide whether, under the uncontested facts herein, a substantial defect, material error, or omission exists to support the district court’s denial of LCDA’s Motion for Judgment. La. R.S. 13:5130. Because the facts established in the record herein are not disputed, the doctrine of manifest error does not apply to this court’s review of the district court’s denial of the Motion for Judgment. Rather, appellate review of questions of law is simply to determine whether the trial court was legally correct. Ristroph v. Louisiana Public Facilities Authority, 2006-1669 (La.App. 1st Cir.9/14/06), 943 So.2d 492, 494.
Based on my review of the evidence submitted by the LCDA, I would conclude that the documents in the record sufficiently describe the PACE bonds; the purpose of their issuance; the sources of funding, security and payment thereof; and all *244 other material issues relevant to the bonds. See generally Council of City of New Orleans v. All Taxpayers, Property Owners, 2003-0189 (La.App. 4th Cir.2/24/03), 841 So.2d 72, 76, writ denied, 2003-0626 (La.4/4/03), 840 So.2d 1221.
A review of the Sustainable Energy Financing Law indicates, that it has a valid public purpose of providing a source of revenue and means for financing capital improvements for energy efficiency improvements and renewable energy improvements to property within the state to reduce energy consumption. La. R.S. 33:130.811; La. R.S. 33:308.814. In order to carry out that purpose, the legislature enacted the Sustainable Energy Financing Law, authorizing the creation of sustainable energy financing districts to provide financing to the owners of such residential and immovable property within the districts for authorized projects. And, under its plenary power, as recognized by La. Const, art. VI, § 19, to create any- type of special district and to confer upon it any power it deems proper, including the power to issue debt, the legislature granted these sustainable energy financing districts the right to borrow money to effectuate the purposes of the Sustainable Energy Financing Law. La. R.S. 33:130.811; La. R.S. 33:130.813(A)(1) & (4): see Board of Directors of Louisiana Recovery District v. All Taxpayers, Property Owners, and Citizens of State of Louisiana, 529 So.2d 384, 388-389 (La.1988).
Moreover, the legislative purpose of the Community Development Act of providing economic development, infrastructure, and environmental facilities and assisting in the financing of such needs to political subdivisions of this state is served by the LCDA’s issuance of PACE bonds for the purpose of aiding sustainable energy financing districts in financing qualifying improvements under the Sustainable Energy Financing Law. La. R.S. 33:4548.2; La. R.S. 33:4548.3(B)(2)(e), 33:4548.5(A)(9) & 33:4548.6(A).
_JjAdditionally, the evidence of record establishes the LCDA’s compliance with the procedures set fort in the Bond Validation Act in the filing of its Motion for Judgment. Accordingly, in my view, the record reveals no substantial defect, material error, or omission in the proposed issuance of the PACE bonds and that the district court erred in denying the LCDA’s Motion for Judgment. Thus, I would reverse the January 7, 2015 judgment of the district court denying the Motion for Judgment and render judgment in favor of the LCDA, granting the Motion for Judgment and decreeing that the proposed PACE bonds are legal and valid.
For these reasons, I respectfully concur in part and dissent in part.