21 So.2d 755

**LAND INV. CO., Inc., v. JETHRO CO., Inc.**

**No. 37533.**

Feb. 19, 1945.

Rehearing Denied March 26, 1945.

Emmet Alpha, of New Orleans, for plaintiff and appellant.

Brian & Brian, of New Orleans, for defendant and appellee.

ROGERS, Justice.

The narrow question presented for decision in this case is whether a certain tax deed executed by the Sheriff of the Parish of St. Bernard on September 11, 1937,

evidences an irrevocable sale, or whether it evidences merely an ordinary tax sale with the right of redemption.

These are the facts: Jethro Company, Inc., the defendant, owned Sections 2, 3, 10 and 11, Township 13 South, Range 18 East, containing 2088 acres in the Parish of St. Bernard. Jethro Company, Inc., failed to pay the taxes assessed against the property for the year 1926, and the following year the land was adjudicated to the State for the unpaid taxes. In 1935, one Harold A. Lynette applied to the State Land Office to redeem the property under the provisions of Act 47 of 1938 (obviously an error) as stated in the contract. On September 20, 1935, a certificate of redemption, signed by the Register of the Land Office and by Lynette, was issued by the Register apparently acting under the provisions of Act 161 of 1934, in favor of Lynette. It was stipulated in the certificate that the price of the redemption was $26.66 which was to be paid in five annual installments of $5.33 each, the first installment being due one year from the date of the certificate, or on September 20, 1936. Lynette did not have any authority nor did he claim any authority to represent the Jethro Company, Inc., or that he was redeeming the property for that company. As a matter of fact, he had no right of authority to redeem the land either for himself or for the Jethro Company, Inc. Section 1 of Act 161 of 1934. Lynette never made any of the payments which he had agreed to make or otherwise show any interest in the property after the certificate of redemption was issued.

Acting on the written instructions of the Register of the Land Office issued to him on July 10, 1937, based on the failure of Lynette to pay the first installment of $5.33 due on September 20, 1936, thereby maturing all installments due the State, the Sheriff of St. Bernard Parish advertised the property, together with other property, for sale on September 11, 1937. The Land Investment Company, Inc., became the adjudicatee of the property in dispute at the sheriff's sale and the deed to the property was executed by the sheriff in favor of the adjudicatee on September 11, 1937, the day the adjudication was made. The sheriff's deed was recorded in the conveyance records of the Parish of ·St. Bernard on October 14, 1937, and again on October 31, 1939. The Jethro Company, Inc., by its letter of November 1, 1939, and its check for $90, sent with the letter, offered to redeem the property from the Land Investment Company, Inc. This offer was refused as shown by a letter dated November 14, 1939, signed by the President of the Land Investment Company, Inc., addressed to Jethro Company, Inc., through its agent. On the preceding day, November 13, 1939, the Land Investment Company, Inc., had filed this suit against Jethro Company, Inc., asserting its ownership in the property by virtue of the tax sale by the Sheriff of the Parish of St. Bernard on September 11, 1937, and alleging that the defendant, Jethro Company, Inc., was slandering its title by claiming the ownership of the property, leasing it for mineral purposes and asserting other rights therein. Subsequently, the Jethro

Company, Inc., made a legal tender in the sum of $90, more than the amount required for the redemption, to the president of the plaintiff company, which tender was refused and the Jethro Company thereupon deposited $96 with the deputy sheriff and deputy ex officio tax collector for the Parish of St. Bernard, obtaining his receipt therefor which it recorded in the conveyance records of the Parish.

Answering plaintiff's suit, the defendant asserted its ownership of the property and its right to redeem the property from the plaintiff. Defendant prayed it be decreed that plaintiff was without right to bring a suit in slander of title against defendant and, in the alternative, that its title as set forth in the answer be maintained and plaintiff's suit be dismissed.

After hearing the case on the merits, the judge of the district court rendered a judgment rejecting plaintiff's demand and recognizing defendant to be the owner of the land in dispute. Plaintiff appealed.

The advertisement on which the sheriff's deed is based was in every respect identical with the advertisements for ordinary tax sales including the right of redemption. The deed itself was executed in the statutory form exclusively used by the sheriffs and tax collectors throughout the State in selling property for delinquent taxes. The original tax deed, signed by the Sheriff and duly witnessed on September 11, 1937, was recorded in the conveyance records in the clerk's office of the Parish of St. Bernard on October 14, 1937. Some time after the deed had been signed

by the sheriff and recorded in the clerk's office, E. R. Reuter, then a deputy sheriff, and not a deputy clerk charged with the custody of the records, changed the deed and inscription thereof by using a pen and ink to erase the redemption clause and by interlining in the typewritten text of the instruments in two places "and Act 161 of 1934." Reuter, who made these changes in the original instruments, did not testify in the case.

Joseph Accardo, who is now living in the State of New York, was called as a witness by plaintiff and testified by deposition. Accardo was a deputy assessor in the Parish of St. Bernard up to the Spring of 1940 and acted as one of the witnesses to the sheriff's deed. His testimony was given in December, 1942, or more than five years after the sheriff's deed under review in this case was executed. He testified that as a matter of convenience only an unsigned copy of the sheriff's deed was recorded in the conveyance records on October 14, 1937, and that the original deed was not in fact signed by the sheriff until some time after the copy of the act had been recorded. He further testified, over defendant's objection, that the interlineations had been made by E. R. Reuter with the authority of the sheriff who is now dead. Louis M. Visanau, who served as Clerk of Court of St. Bernard Parish until May, 1940, identified the handwriting in which the changes in his records were made as the handwriting of E. R. Reuter, a former deputy sheriff. But the witness did not recollect as to how and when the erasures in the sheriff's deed and the in-

scription on the records of his office were made, because that had taken place four years previously and because all those matters were in charge of Steve Rodriguez who was the record clerk. Rodriguez, however, did not testify in the case.

The second recordation of the sheriff's deed in the conveyance records referred to in plaintiff's petition was made on October 31, 1939, some two years after the original inscription of the deed had been made. This latter inscription does not indicate that any interlineations at all had been made in the original deed and omits entirely the paragraph contained in that deed granting the former owner of the property the right to redeem it.

Our examination of the record has satisfied us that the judgment appealed from is correct. The conclusions reached by the trial judge in rendering the judgment are set forth in a short and well-reasoned opinion which we quote with approval:

"This case came on for hearing after due assignment, and was tried and submitted on brief. The suit was filed in the form of action in jactitation; the allegation being that the plaintiff's title to four fractional sections of marsh land, designated as Sections 2, 3, 10 and 11, of Township 13 South; Range 18 East, had been slandered by the defendant claiming title thereto, and by leasing same for mineral purposes.

"Title claimed by plaintiff was acquired 'at a sale made at public auction by L. A. Meraux, M. D., Sheriff of the Parish of St. Bernard, on September 11, 1937, in the name of Jethro Company, Inc.'

"Eliminating extraneous allegations and proof, the case boils down to a question of whether or not the deed described and just above referred to was a final, irrevocable, unredeemable sale made by the Sheriff, or whether it was an ordinary tax sale with right of redemption.

"It was alleged and proved that the deed, under which plaintiff proceeded, was in the form of an ordinary tax sale by the Sheriff, for the purpose of collecting taxes due on the property. The advertisement preceding the sale was in all respects the same as if it were an ordinary tax sale, including the right of redemption by the former owner for a space of three years. Some mention is made in the deed that it was pursuant to Act 161 of 1934, but this reference in the original recorded deed was interlined after the deed had been recorded in the Conveyance Office. It is certain that all of the forms and requirements of an ordinary tax sale, under Act 170 of 1898, were carried out in the original draft of the act, and as it was originally recorded.

"Defendant alleged and proved that after the recordation of the original tax deed in the Conveyance Office, the deed itself and the inscription thereof were changed by the erasure or lining out from these instruments, with a pen and ink the clause giving the former owner the right to redeem, and also by interlining with pen and ink 'under Act 161 of 1934.' It was amply proved also that the adjudication, by the Deputy Sheriff, was with the condition that the former owner should have the right to redeem within three years.

"It is therefore certain that when the plaintiff bought under this tax sale as advertised, as adjudicated, and as recorded, the former owner had the right to redeem the property within three years. Evidently no action subsequently taken by any officer connected with the matter, or any one else, could change the terms and conditions upon which the plaintiff herein acquired its tax title to the property.

"This being the case, the former owner, defendant herein, had the legal right to redeem this property from this sale within three years from October 14, 1937, the date upon which the tax title was recorded. The proof amply shows that the defendant offered to redeem the property upon a legal basis; that the offer was refused, and that thereupon the defendant, complying with the requirements of Act 170 of 1898, made a legal tender of the sum of $90, more than the amount required for the redemption, to the President of the plaintiff company, that the tender was refused, and that thereupon the defendant deposited the said sum of $90.00 with the Tax Collector of the Parish of St. Bernard, obtained his receipt therefor, and recorded the receipt in the Conveyance Books of the Parish.

"The Court is of the opinion that this action, on the part of the defendant, was all that the law required of it in order to revest in it the title acquired at the tax sale by the plaintiff * * *."

For the reasons assigned, the judgment appealed from is affirmed.