LABORDE, Judge.
This lawsuit arises out of an automobile accident which occurred on May 26, 1977, in Sabine Parish. An affidavit was filed with the clerk of court on May 26, 1978 which states:
“BEFORE ME, the undersigned authority, personally came and appeared Mrs. Yvonne S. Meyers who, after being duly sworn, deposes and says:
That Timmie Istre, Zwolle, La. is indebted unto her in the full amount of $300.00, and that same is past due and owing.”
On February 21, 1979, the plaintiff filed what she terms her “first amended petition”, wherein is set forth with some specificity a statement of her claim and the facts upon which her cause of action is based. The “amended petition” was filed well beyond the one year prescriptive period for a tort. Plaintiff argues that the affidavit filed on May 26, 1977, the last day of the prescriptive period, served to interrupt prescription.
In the “first amended petition”, Yvonne Meyers names as defendants, Timothy Istre, Ronald Istre, Carole Istre and Central Mutual Insurance Company.
Defendants filed an exception of prescription, which was sustained by the trial court, and plaintiff brings this appeal.
The defendant argues that the affidavit does not qualify as a petition, and that the amended petition does not relate back to the date of filing of the original affidavit. These are interrelated issues.
L.S.A. — R.S. 9:5801 states:
“All" prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
Article 421 of the Code of Civil Procedure states:
“A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.”
Article 891 of the Code of Civil Procedure states:
“The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.”
*1183 The affidavit filed by plaintiff does not, in our opinion, constitute a pleading, within the intendment of the cited articles, sufficient to interrupt prescription running against her tort claim. The affidavit fails to set forth a statement of the object of her demand or the material facts upon which her cause of action is based.
The question of whether the “first amended petition” relates back to the affidavit (“petition”) involves an interpretation of Article 1153 of the Code of Civil Procedure which states:
“When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.”
In Callender v. Marks, 185 La. 948, 171 So. 86 (1936), the Supreme Court observed, at page 87:
“The law is clear that where a petition states a cause of action and is filed within the prescriptive period, prescription is interrupted by the filing or instituting of the suit.
The jurisprudence is well established that where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of the nature of the claim or demand, an amended petition supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different, or separate cause of action, but merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription.” (citations omitted)
Basically, the Court is saying that an imperfect petition, one that imperfectly states a cause of action, but does inform the defendant of the claim or demand, may serve as an interruption of prescription.
In a more recent case Phoenix of Hartford Insurance Company v. United States Rubber Company, 245 So.2d 436 (La. App. 1st Cir. 1970) the First Circuit relying on Callender v. Marks, supra, stated at page 440:
“At the worst, plaintiff’s original petition can be said to have contained insufficient allegations of fact, and cannot be classified as a petition which failed to state any cause of action whatsoever. Accordingly the timely filing of the original petition even if subject to a peremptory exception urging no cause of action, nevertheless can be and was adequately amended so as to state a cause of action by virtue of plaintiff’s filing his ‘Supplemental and Amended Petition,’ and the filing of the original interrupted prescription.”
The implication of these two cases is that while an imperfect petition will interrupt prescription, a petition which completely fails to state any cause of action at all, should not be considered as interrupting prescription.
In an article entitled, Amendment of Pleading in Louisiana, 43 Tul.L.Rev. 211, former Justice Albert Tate, Jr., suggests the purpose of allowing amendments to relate back to the original filing as well as the requirements at page 233, wherein he writes:
“Like its federal counterpart, the article is designed to permit amendment despite a technical prescriptive bar to the matters alleged by the amendment — provided that the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises. The article deliberately adopts no test of identity of cause or legal theory between the original and amending petitions; the amendment’s thrust need only be based upon or factually relate to (“arise out of”) the “conduct, transaction, or occurrence” originally alleged. If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of *1184 a postprescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and. from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period. On the other hand, a party’s assertion of one claim or defense should not, by mere reason of the original filing, preserve indefinitely all other claims or defenses by him against his opponent. Essentially, there is no timely notification that, later, there may be non-connected assertions made. For the same reasons, a suit based on a set of facts does not interrupt prescription against claims of other parties arising independently out of the same set of facts, nor does timely filing against one defendant necessarily notify another that subsequently the claim may be asserted against him as well. There should be some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, before the amendment is excepted from the interests intended to be protected by the prescriptive statute.”
From a reading of Justice Tate’s article, it seems that if an amendment is to relate back to the original pleading then the original pleading must give actual notice to the adverse party that a formal claim is made based upon a particular factual situation. The affidavit filed by the plaintiff in this case does not give actual notice as to what factual situation has been made the basis of the lawsuit. For this reason there should not be a relating back.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.