425 So.2d 1322 (1983)
Green T. HARRIS, Jr., Earline Harris, Arthur Petivan, and Vera Petivan
v.
GUARDIAN FUNDS, INC.
No. CA-0096.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
*1323 Louis A. Gerdes, Jr., Gerdes & Valteau, New Orleans, for plaintiffs-appellees.
Roger H. Fellom, New Orleans, for defendant-appellant.
Before BARRY, KLEES and AUGUSTINE, JJ.
BARRY, Judge.
Defendant appeals a judgment ordering it to transfer title to property purchased at a tax sale.
On April 27, 1981 plaintiffs filed a petition to redeem property[1] the defendant purchased at a tax sale on May 15, 1978. On July 30, 1981 defendant filed exceptions of no cause and no right of action and prescription which were overruled. Defendant answered and reconvened on November 5, 1981, asserting ownership because plaintiffs did not redeem during the three year statutory period. On April 7, 1982 plaintiffs amended their pleading to include their names in the body of the petition [2] and alleged ownership of the property on the date of the tax sale. Defendant excepted to the amended petition urging the three year peremptive period. The Trial Judge ordered title transferred to plaintiffs and reimbursement to defendant for the taxes, plus interest and penalties. Defendant's reconventional demand was dismissed.
Defendant's appeal claims the lower court did not dispose of its exception to the amended petition, that the amended petition cannot relate back to cure the defective petition, and the doctrine of peremption requires payment of the past-due taxes within three years of the tax sale.
Defendant's exception to the amended petition was tacitly overruled by the judgment in plaintiffs' favor and this issue is without merit.
*1324 The specification regarding application of the peremption doctrine relates to the basis to redeem property sold for unpaid taxes, LSA-Const. Art. 7 § 25(B):
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
Procedures for redemption are found in LSA-R.S. 47:2221, 2222[3].
The defendant/tax purchaser argues plaintiffs had three years to redeem the property and this time period is one of peremption, not prescription,[4] and cites Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953) which distinguished the two:
The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right. Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899; Brister v. Wray-Dickinson Co., 183 La. 562,164 So. 415 and Collier v. Marks, 220 La. 521, 57 So.2d 43. Peremption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists. Id. p. 786.
Defendant submits that "performance of the required act ... within the specified time" obliged plaintiffs to make payment to either the tax collector or tax purchaser by May 15, 1981, three years from recordation of the tax sale. It asserts after this period passed plaintiffs' right to redeem was lost and their only recourse was to attack the validity of the tax sale.
We find no authority on whether plaintiffs' lawsuit within three years of the tax sale satisfied the constitutional requirement for redemption. LSA-R.S. 47:2222 provides for payment to the tax purchaser and also specifies payment "may be made either to the purchaser or to tax collector ...." Unlike this case, prior decisions involve situations where no action was taken for three years. There are cases which permitted redemption where the tax purchaser refused the tax debtor's tender,[5] even though there was no actual redemption within three years.
The codal limitation on survival actions (Art. 2315) is one of peremption and this right is preserved by filing suit.[6] However, prior decisions hold that filing suit does not suspend a peremptive period.[7] This latter case law is inapposite, however, because it *1325 involves the re-inscription of a mortgage and says filing suit does not satisfy the requirement of actual reinscription.
We recognize a tax purchaser defending ownership could use dilatory tactics which might consume a long period of time and effectively circumvent a tax debtor's ability to redeem. Plaintiffs' counsel asserts negotiations took place for months before their petition was filed. It was obviously in plaintiffs' best interest to redeem their property without litigation, but if this could not be accomplished then filing suit was a viable alternative. We find no constitutional mandate to consummate the redemption within three years. Rather, "the property sold shall be redeemable for three years...." (Our emphasis)
LSA-C.C.P. Art. 421 provides "(a) civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction ...." Plaintiffs apparently could not amicably complete their redemption within three years and with time running out had no alternative but to file this action against the tax purchaser (instead of the tax collector) and did so within the statutory period. We hold the act of filing suit within three years is sufficient to make the property "redeemable."
Defendant claims the original petition did not state a right or cause of action because it did not specify plaintiffs' interest in the property (whether as owners, heirs, legatees, creditors or otherwise), and the amended petition cannot relate back because "a petition which completely fails to state any cause of action at all should not be considered as interrupting prescription," Meyers v. Istre, 379 So.2d 1181 (La.App. 3d Cir.1980); Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir.1966) writ refused 248 La. 1106, 184 So.2d 27; Lege v. Vermilion Parish School Board, 360 So.2d 664 (La.App. 3d Cir.1978).
These decisions involve extreme situations and are distinguishable from this case. In Meyers, supra, plaintiff filed an affidavit (instead of a petition) which gave no notice to the defendant of the fact situation on which the claim was based. In Succession of Roux, supra, the original plaintiff had no right to file suit. The court refused to allow substitution of plaintiffs by an amended petition because no proper plaintiff filed suit within the peremptive year.[8]Lege, supra, held that procedures to contest an election as set forth in the applicable statutes were radically different from ordinary procedures and, by the terms of the statute, were exclusive. Since the original petition failed to comply, the amended petition did not relate back.
LSA-C.C.P. Art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
This article permits amendment when the original petition gives fair notice to the defendant of the general factual situation out of which the claim arose. Judge (then Justice) Tate, in Amendment of Pleadings in Louisiana, footnote 9, supra, at p. 233, stated:
Like its federal counterpart, the article is designed to permit amendment despite a technical prescriptive bar to the matters alleged by the amendmentprovided that the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises. The article deliberately adopts no test of identity of cause or legal theory between the original and amending petitions; the amendment's thrust need only be based upon or factually relate to ("arise out of") the "conduct, transaction, or occurrence" originally alleged. If the original timely pleading gives actual notice *1326 to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a post-prescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or nonpreservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.
See also Baker v. Payne and Keller of La., Inc., 390 So.2d 1272 (La.1980).
In the instant original petition, defendant was apprised of the relief sought (redemption of the Gov. Nicholls Street property), with a property description, and the facts out of which the demand arose (the tax sale recorded May 15, 1978). The transaction or occurrence giving rise to the demand (redemption) remained unchanged and clearly provided defendant with fair notice and sufficiently stated a cause of action.
While the original petition stated a cause of action, it did not recite plaintiffs' interest, i.e., that they are the former owners of the property (tax debtors) or that they were redeeming in the name of the tax debtor. LSA-C.C.P. Art. 934 provides in part: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment...." (Emphasis supplied) The technical defect was cured by the amended petition which alleged: "on the date mentioned herein, plaintiffs were the owners of the property described in the original petition." Also, defendant certainly was aware of plaintiffs' status which is specified on the conveyance certificate in the record.
Mindful that the law favors redemption of property sold for unpaid taxes,[9] that the tax debtor's right to reacquire his property is founded in equity,[10] and the lack of statutory guidance as to what is required, we hold this lawsuit against the tax purchaser was sufficient and timely.
The district court judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The petition specifies 2006 Gov. Nicholls Street, yet other documents, including a certificate from the Conveyance Office, state 2007 Gov. Nicholls.
[2] The four plaintiffs' names were listed in the styling of the case and in the prayer.
[3] LSA-R.S. 47:2221: Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.

LSA-R.S. 47:2222: The person redeeming property, in whole or in part, shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest at the rate of one per centum (1%) per month until redeemed.
* * * * * *
... the owner or any person interested personally, or as heir, legatee, creditor or otherwise, may redeem a lot or lots or parcels of ground by paying to the tax purchaser the proportionate taxes due thereon together with interests, costs, and five per centum (5%) penalty thereon.
* * * * * *
The payment required for the redemption of immovable property adjudicated to a purchaser for taxes, may be made either to the purchaser or to tax collector making the sale, or to his successor in office.
* * * * * *
[4] Securities Mortgage Co., Inc. v. Triplett, 374 So.2d 1226, 1227 (La.1979).
[5] MacLeod v. Hoover, 159 La. 244, 105 So. 305 (1925); Land Inv. Co. v. Jethro Co., 207 La. 597, 21 So.2d 755 (1945).
[6] Mejia v. U.S., 152 F.2d 686 (5th Cir.1946), cert. denied, 328 U.S. 862, 66 S.Ct. 1366, 90 L.Ed. 1632; McClendon v. State, through Dept. of Corrections, 357 So.2d 1218 (La.App. 1st Cir.1978).
[7] McElrath v. Dupuy, 2 La.Ann. 520 (1847); Hyde v. Bennett, 2 La.Ann. 799 (1847); Murff v. Ratcliff, 19 La.App. 109, 138 So. 908 (2d Cir.1932); 13 Tul.L.Rev. at 39, footnote 97 (1938).
[8] This holding has been criticized. See Justice Tate's article, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969) at 235, 236.
[9] Fleckinger v. Smith, 319 So.2d 881 (La.App. 4th Cir.) writ denied 323 So.2d 131 (La.1975).
[10] Gaudet v. Lawes, 197 So.2d 723 (La.App. 1st Cir.1967).