936 So.2d 836 (2006)
ACORN COMMUNITY LAND ASSOCIATION OF LOUISIANA, INC.
v.
Reginald ZENO in his Capacity as the Director of The Department of Finance for the City of New Orleans; Congregation of St. Peter Claver Roman Catholic Church.
No. 2005-CA-1489.
Court of Appeal of Louisiana, Fourth Circuit.
June 21, 2006.
Rehearing Denied September 15, 2006.
*837 Mark Moreau, New Orleans Legal Assistance, New Orleans, LA, for Plaintiff/Appellee.
F. Evans Schmidt, Denechaud and Denechaud, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge EDWIN A. LOMBARD).
CHARLES R. JONES, Judge.
The Appellant, the Congregation of St. Peter Claver Roman Catholic Church ("St. Peter Claver"), seeks review of the district court's judgment denying its Exceptions and granting a Writ of Mandamus ordering the City of New Orleans to grant redemption of certain immovable property sold at a tax sale. We affirm.

Statement of Facts
The Appellee, ACORN Community Land Association of Louisiana ("ACORN"), sold immovable property in the city of New Orleans designated 1027-29 No. Roman St. to Bufford Magee by credit sale on May 9, 1994. Mr. Magee executed a promissory note to ACORN for $4,000, payable in 40 equal monthly installments beginning on June 1, 1994. The final payment on the note was originally due September 1, 1997. Mr. Magee, however, became delinquent in his payments and last made a payment on the note on January 23, 2001, which left an unpaid balance on the note of $2,800.
In November 2003, by which time Mr. Magee was deceased, the City of New Orleans sold 1027-29 No. Roman St. to Harold Valerio at a tax sale for unpaid *838 real estate taxes.[1] Mr. Valerio and his wife later sold the tax deed to the Appellant, St. Peter Claver, by cash sale.[2]
In January 2005, ACORN made demands upon St. Peter Claver to grant a tax sale redemption of 1027-29 No. Roman St. These demands were refused. In March 2005, ACORN made a written request that Reginald Zeno, in his capacity as the Director of the Department of Finance for the City of New Orleans, redeem the tax sale of 1027-29 No. Roman St. upon ACORN tendering the requisite payments. This request was never answered.

Procedural History
ACORN filed a petition on April 11, 2005, seeking a writ of mandamus compelling Mr. Zeno, in his capacity as Director of the Department of Finance for the City of New Orleans, to comply with his ministerial duties under La. R.S. 47:2222, by issuing a certificate of redemption for the tax sale of 1027-29 No. Roman St. Concurrent with the filing of this petition, ACORN deposited funds into the Court's registry in excess of the estimated taxes, interest, and other payments required to redeem the property.[3] St. Peter Claver was named as a defendant due to its inchoate interest as holder of the tax deed to the immovable property at issue.
St. Peter Claver filed exceptions of no right of action, mootness, and prescription in response to ACORN's petition. The district court denied these exceptions and rendered judgment in favor of ACORN. The Writ of Mandamus ordered Mr. Zeno, in his official capacity, to issue a certificate of redemption to ACORN and to otherwise complete the redemption of the tax sale of 1027-29 No. Roman St. From this judgment St. Peter Claver appeals asserting four assignments of error.

Discussion

Assignment of Error Number 1:
In its first assignment of error, St. Peter Claver claims the district court erroneously denied its Exception of No Right of Action. We disagree. Determination of whether the plaintiff has a right of action is a question of law. Ralph v. City of New Orleans, 04-1270 (La.App. 4 Cir. 12/14/05), 921 So.2d 988, 995, writ granted and reversed in part on other grounds, 06-0153 (La.5/5/06), 928 So.2d 537. Appellate review of questions of law is simply to determine whether the district court was legally correct or legally incorrect. Id. at 996.
The function of a no right of action exception is to determine whether the plaintiff belongs to a class of persons to whom the law grants the cause of action asserted in the suit. Industrial Companies, Inc. v. Durbin, 02-0665, p. 11 (La.1/28/03), 837 So.2d 1207, 1216. The no right of action exception assumes that the petition states a valid cause of action for some person. Id. at 12, 837 So.2d at 1216. The exception does not raise the question of the plaintiff's ability to prevail on the merits of the case. Wallace Drennan, Inc. v. Sewerage & Water Board, 98-2423, p. 5 *839 (La.App. 4 Cir. 9/22/99), 753 So.2d 861, 864. When the excepting defendant fails to present any evidence supporting the no right of action exception, the court must decide, based solely on the plaintiff's allegations, whether the plaintiff belongs to the class of persons to whom the law grants the asserted cause of action. Industrial Companies, Inc. v. Durbin, supra. Thus, as St. Peter Claver failed to present evidence supporting the exception, ACORN's allegations alone must form the basis of the court's decision.
This lawsuit is an action for mandamus compelling redemption of property sold by tax sale. This Court has previously noted that Louisiana law favors redemption of property sold for unpaid taxes. Harris v. Guardian Funds, Inc., 425 So.2d 1322, 1326 (La.App. 4 Cir.1983). Such redemption is governed in this case by La. R.S. 47:2221 et seq. In pertinent part, La. R.S. 47:2222(B) provides that "the owner or any person interested personally, or as heir, legatee, creditor or otherwise, may redeem a lot or parcels of ground[.]" The text expressly names creditors (without using modifying language such as "mortgage" or "judgment") as persons permitted to redeem property sold for unpaid taxes. Id.
ACORN alleged in its petition that it is a creditor of the tax debtor by virtue of the unpaid balance remaining on the promissory note executed by Mr. Magee. Absent evidence to the contrary, this allegation sufficiently places ACORN within the class of persons to whom the law grants the cause of action for redemption. Accordingly, we find that the district court was legally correct and properly denied the Appellant's Exception of No Right of Action.

Assignment of Error Number 2:
In its second assignment of error, St. Peter Claver claims that the district court erroneously denied its Exception of Prescription. We disagree. In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the district court's finding of fact was manifestly erroneous. Katz v. Allstate Insurance Company, 04-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444. Further, the standard controlling review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Id.
Actions to redeem property are timely when brought within three years of the recordation of the tax sale in the conveyance office. La. Const. Art. 7, § 25(B); Hamilton v. Royal International Petroleum Corp., 05-846, p. 1 (La.2/22/06), 934 So.2d 25. In the case sub judice, the tax sale of 1027-29 No. Roman St., to Mr. Valerio was recorded on February 5, 2004, and again on March 25, 2004. ACORN filed this action for redemption on April 11, 2005, which is clearly within three years of either recordation of the tax sale. Accordingly, we find that the district court committed no manifest error and properly denied the Appellant's Exception of Prescription.
St. Peter Claver argues that the mandamus action has prescribed because the promissory note executed by Mr. Magee has prescribed on its face. This argument is misplaced, however. The thrust of the argument is not that the mandamus action has prescribed, but rather that prescription of the promissory note defeats ACORN's status as a creditor and, thus, the right of action. This argument, even viewed as an exception of no right of action, fails as well in that, under the given *840 facts, the promissory note had not fully prescribed at the time this suit was filed.
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Actions on promissory notes are subject to a liberative prescription of five years from the day payment is exigible. La. C.C. art. 3498. Prescription is interrupted, however, when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. La. C.C. art. 3466. The Louisiana Supreme Court has noted that acknowledgment interruptive of prescription results from any act or fact which contains or implies the admission of the existence of the right. Plaquemines Parish Government v. River/Road Const., Inc., 01-2222, p. 7 (La.App. 4 Cir. 8/28/02), 828 So.2d 16, 22, writ denied, 02-2456 (La.11/22/02), 829 So.2d 1055, citing Lima v. Schmidt, 595 So.2d 624, 633 (La.1992). Furthermore, acknowledgement may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. Id. at p. 8, 828 So.2d at 22, citing Gary v. Camden Fire Ins. Co., 96-0055, (La 7/2/96), 676 So.2d 553, 556.
The final payment on the promissory note executed by Mr. Magee was originally due September 1, 1997. On its face, then, the note would have fully prescribed in September of 2002. However, Mr. Magee made a partial payment of the outstanding balance on the note on January 23, 2001. This partial payment had the legal effect of an acknowledgement interrupting prescription. Thus, prescription that had theretofore run is not counted, and the prescriptive period began anew from the date of partial payment. Accordingly, we find that ACORN was a creditor of Mr. Magee whose action was not barred by liberative prescription.

Assignment of Error Number 3:
In its third assignment of error, St. Peter Claver claims the district court erroneously denied its Exception of Mootness. We disagree. A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the factual findings of the district court. Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984). St. Peter Claver argues that ACORN's action is moot because the Appellant conditionally offered to pay any legally enforceable obligation owed by Mr. Magee or his Succession to ACORN. St. Peter Claver even deposited $2,800, the outstanding balance claimed on the promissory note executed by Mr. Magee, into the court's registry on May 23, 2005. This conditional deposit, however, did not render the action for redemption moot.
As St. Peter Claver correctly notes, a case is considered moot when judgment will serve no useful purpose and give no practical relief. Louisiana Associated General Contractors, Inc. v. State through Div. of Admin., Office of State Purchasing, 95-2105 (La.3/08/96), 669 So.2d 1185, 1193. The judgment rendered by the district court, however, both serves a useful purpose and gives practical relief. As previously noted, Louisiana law favors redemption of property sold for unpaid taxes. Harris v. Guardian Funds, Inc., 425 So.2d 1322, 1326 (La.App. 4 Cir.1983). The result of such redemption is to restore property to the tax debtor. Dufour v. Wood, 346 So.2d 863, 867 (La.App. 4 Cir. 1977). Thus, in the instant case, successful redemption will restore 1027-29 No. *841 Roman St. to the heirs of Mr. Magee, and this is precisely the relief sought by ACORN. St. Peter Claver's conditional deposit, or even payment to ACORN, does not restore the property to the tax debtor, which is the result favored by the laws of our state. We therefore find that the district court committed no manifest error and properly denied the Appellant's Exception of Mootness.

Assignment of Error Number 4:
In its fourth assignment of error, St. Peter Claver claims the district court erroneously ruled in its judgment that ACORN was the tax debtor.[4] This assignment of error appears to be the result of a misunderstanding. The judgment states in pertinent part:
IT IS FURTHER ORDERED that the alternative writ of mandamus issued herein on April 11, 2005, is made peremptory; and accordingly, defendant, Reginald Zeno in his official capacity as the Director of Finance for the City of New Orleans, is ordered to (1) immediately issue a certificate of redemption for the real estate located at 1027-29 No. Roman St., New Orleans, Louisiana to plaintiff, ACORN Community Land Association of Louisiana, Inc., in accordance with La. R.S. 47:2222, which acknowledges receipt of the redemption payment and declares the property redeemed to the tax debtor, (2) to cause a notice of the redemption to be entered on the records of his office, and (3) to take all other required actions to complete the redemption of 1027-29 No. Roman St., which is more fully described as: ...
In the case sub judice, the tax debtor is Mr. Magee or his estate. According to the judgment, although the certificate is ordered to be issued to ACORN, the property is to be declared redeemed to the tax debtor. This is in accord with La. R.S. 47:2222, which provides that redemption by a creditor or other interested person results in the property being redeemed to the tax debtor. We find no error in the district court's judgment and find that the Appellant's fourth assignment of error is also without merit.

Decree
For the reasons assigned herein, we affirm the district court judgments. All costs of this appeal are assessed to St. Peter Claver Roman Catholic Church.
AFFIRMED.
NOTES
[1] Although the sale was in November 2003, the tax deed to Mr. Valerio was recorded in the Orleans conveyance office on February 5, 2004, under Notarial Archives No. 2004-06949 and again on March 25, 2004, under Notarial Archives No. 2004-15084.
[2] This cash sale to St. Peter Claver was dated November 4, 2004, and was recorded under Notarial Archives No. 2004-56585.
[3] As the City failed to provide the precise figures required to redeem 1027-29 No. Roman, ACORN estimated the taxes, costs, penalty, and interest to be $1,302.76. ACORN subsequently deposited $1,450 into the Court's registry.
[4] Although this issue is not briefed, the Appellant indicates in the initial assignments of error that "it is believed this may have been a clerical error." He is mistaken.