COASTAL DEVELOPMENT     *       NO. 2022-CA-0598
GROUP, INC. OF GREATER
NEW ORLEANS               *

                           COURT OF APPEAL

VERSUS                  *

                           FOURTH CIRCUIT

CHRISTOPHER I. LUND AND    *
FEDERAL NATIONAL
MORTGAGE ASSOCIATION    * * * * * * *
(FANNIE MAE)

                           STATE OF LOUISIANA

 

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-05093, DIVISION "B-5"
Honorable Rachael Johnson,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Nakisha Ervin-Knott)

Kyle Salvador Sclafani
SCAFIDEL LAW FIRM, L.L.C.
4130 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE


Gregory Swafford
ATTORNEY AT LAW
4734 Franklin Avenue
New Orleans, LA 70122--6112

      COUNSEL FOR DEFENDANT/APPELLANT

                                   **AFFIRMED**
                                   **January 11, 2023**

This is an action to quiet title to a property interest purchased by the appellee, Coastal Development Group Inc. of Greater New Orleans ("Coastal") at a tax sale. The appellant, Christopher I. Lund, appeals the trial court's partial summary judgment declaring Coastal's full ownership of its property interest and the trial court's judgment denying Mr. Lund's motion for new trial of the summary judgment motion. For the following reasons, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Coastal purchased an undivided ninety-nine percent interest in immovable property bearing municipal address 3420-3422 Bienville Avenue in New Orleans ("the Property") at a 2018 tax sale. Coastal paid the outstanding taxes on the Property and recorded the tax sale certificate in the Orleans Parish conveyance records in May 2018. In June 2020, Coastal filed a petition to quiet title and to partition the Property, naming Mr. Lund, the owner of the remaining one-percent interest in the Property, as a defendant.

Coastal alleged the Property was blighted and thus subject to an eighteen-month delay to redeem the Property under La. Const. art. 7, §25(B)(2). Coastal alleged that the redemption period expired before it filed the quiet title action.

1

Coastal served the petition and citation personally on Mr. Lund. Mr. Lund answered Coastal's petition in December 2020, denying the allegations of Coastal's petition and raising several affirmative defenses.[1]

Other than filing his December 2020 answer to Coastal's petition, Mr. Lund took no steps to redeem the Property or to defend against Coastal's action. In April 2021, Coastal filed a motion for partial summary judgment. In its summary judgment motion, Coastal argued that it was entitled to a judgment declaring it owner of a ninety-nine percent interest in the Property due to Mr. Lund's failure to redeem the Property within the redemption period. Coastal served Mr. Lund personally with the motion for partial summary judgment. Mr. Lund did not oppose Coastal's summary judgment motion and failed to appear at the November 2021 hearing on Coastal's motion. The trial court granted Coastal's summary judgment motion and declared Coastal owner of an undivided ninety-nine percent interest in the Property.

In April 2022, Mr. Lund, now represented by counsel, filed a motion for new trial of Coastal's motion for partial summary judgment.[2] Mr. Lund argued the partial summary judgment was contrary to the law and evidence, because genuine issues of material fact remained as to whether the applicable redemption period was eighteen months—reserved for properties deemed blighted or abandoned—or three years—applicable to all other property. Coastal opposed the motion for new trial, maintaining that the eighteen-month redemption period applied. Regardless, Coastal argued, the issue was moot, because the three-year redemption period

_____

[1] Mr. Lund filed his answer in proper person.

[2] Mr. Lund asserted that his motion for new trial was timely despite filing it more than five months after the signing of judgment, because the clerk of court sent notice to an old address for Mr. Lund. The parties do not dispute the timeliness of Mr. Lund's motion for new trial on appeal.

elapsed before the trial court issued its summary judgment in favor of Coastal, extinguishing Mr. Lund's redemption rights under either redemption period. Agreeing with Coastal, the trial court denied Mr. Lund's motion for new trial.[3]  Mr. Lund's appeal followed.

## STANDARD OF REVIEW AND GOVERNING LEGAL PRINCIPLES

Mr. Lund's assignments of error on appeal are directed to the trial court's ruling on his motion for new trial.  "The applicable standard of review in ruling on a motion for new trial is whether the district court abused its discretion." *Davis v. Witt*, 02-3102, p. 19 (La. 7/2/03), 851 So.2d 1119, 1131 (internal citations omitted).  "[A] motion for new trial based on the contention that a judgment is contrary to the law and evidence should be denied if the trial court's ruling is supportable by any fair interpretation of evidence, and a trial court judgment denying a motion for new trial should not be reversed unless the appellate court finds that the trial court abused its great discretion. *1137 N. Robertson, LLC v. Jackson*, 19-0553, p. 4 (La. App. 4 Cir. 11/20/19), ___ So.3d ___, ___, 2019 WL 6200294, **7–8.

A redemption period is "the period in which a person may redeem property as provided in the Louisiana Constitution." La. R.S. 47:2122(11).  Property sold for non-payment of taxes "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." La. Const., art. VII, § 25(B)(1).  But, an exception to the three-year redemption period is set forth in La. Const., art. VII, § 25(B)(2), which provides:

---

[3] The trial court also denied a motion to annul the quiet title judgment filed by Mr. Lund and granted Coastal's motion to partition the Property by private sale.  Mr. Lund has not appealed these judgments.

3

In the city of New Orleans, when such property sold is residential or commercial property which is abandoned property as defined by R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session, it shall be redeemable for eighteen months after the date of recordation of the tax sale by payment in accordance with Subparagraph (1) of this Paragraph.

It is well settled that the redemption periods provided in the Louisiana Constitution are peremptive. *Smith v. Brumfield*, 13-1171, p. 12 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 78 (citing La. R.S. 47:2241 and *Harris v. Estate of Fuller*, 532 So.2d 1367, 1371 (La. 1988)). "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. "Peremption may not be renounced, interrupted, or suspended." La. C.C. art. 3461. Peremption differs from prescription in two respects: "(1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period." *Naghi v. Brener*, 08-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 926.

## DISCUSSION

On appeal, Mr. Lund assigns two errors. First, Mr. Lund argues that the trial court erred in denying his motion for new trial, because factual issues remain as to whether the eighteen-month or the three-year redemption period applied. Mr. Lund further argues that, assuming the three-year redemption period applied, his December 2020 answer interrupted or suspended the redemption period. For the following reasons, we find no error in the trial court's judgment.

In support of his first argument, Mr. Lund contends that, despite the blight judgment against the Property upon which Coastal relied in seeking application of the shorter, eighteen-month redemption period, factual disputes precluded

4

summary judgment.  Mr. Lund claims there is a genuine dispute as to whether the Property was sold pursuant to the statute authorizing sale of properties for non-payment of taxes or whether the Property was sold pursuant to the statute authorizing sale of blighted properties.  According to Mr. Lund, if the Property was sold for non-payment of taxes, the three-year redemption period applied, regardless of the outstanding blight judgment against the Property.  Thus, Mr. Lund claims, the trial court's summary judgment, allegedly premised upon expiration of the eighteen-month redemption period, was contrary to the law.

In support, Mr. Lund cites *In re Flag Boy Properties, LLC*, 21-0644 (La. App. 4 Cir. 3/10/22), ___ So.3d ___, ___, 2022 WL 714334.  This court in *Flag Boy* found that the trial court erred in applying the eighteen-month redemption period, rather than the three-year redemption period, to a property sold at a tax sale for non-payment of taxes, because the property was sold pursuant to the statutory authority to sell properties for non-payment of taxes.  *Id.*, 21-0644, p. 4, ___ So.3d ___, ___, 2022 WL 714334, **9.

*Flag Boy* is distinguishable from the instant case.  First, the blight on the property at issue in *Flag Boy* was abated before the tax sale, thereby precluding application of the eighteen-month redemptive period.  Here, regardless of whether the Property was sold pursuant to the statute authorizing the sale of property for non-payment of taxes or the statute authorizing the sale of blighted property, there is no dispute that the blighted condition of the Property remained unabated through the tax sale, supporting application of the eighteen-month redemptive period.  Moreover, the former owner of the property in *Flag Boy* redeemed the property by paying the applicable taxes, penalties, and interest before the expiration of the three-year redemption period.  Here, as discussed elsewhere in this opinion, Mr.

5

Lund took no steps to redeem the Property before the expiration of the three-year redemption period. Thus, even if the three-year redemption period applied, Mr. Lund failed to avail himself of redemption before peremption extinguished his right to redeem the Property. We therefore find this assignment of error unpersuasive.

In Mr. Lund's second assignment of error, he argues that, assuming the three-year redemption period applied, his answer to Coastal's petition filed in December 2020 suspended the peremptive redemption period. In support of this contention, Mr. Lund cites *Harris v. Guardian Funds*, *Inc.*, 425 So.2d 1322 (La. App. 4th Cir. 1983). In *Harris*, this court held that a petition to redeem property filed by the plaintiffs within the three-year redemption period interrupted the redemption period, based on the plaintiffs' representation that the parties had been in negotiations for several months before filing suit. 425 So.2d at 1325. The *Harris* court considered equity in recognizing that a tax purchaser might use dilatory tactics to defend his ownership and prevent redemption of property and that La. Const. art. VII, § 25(B) did not mandate the consummation of redemption within the three-year period but only that "the property shall be *redeemable* for three years . . . ." *Id.* (emphasis in original). Thus, initiating redemption of the property by way of a demand for redemption through a lawsuit constituted redemption within the three-year period.

The equitable considerations at issue in *Harris* are not present here. Unlike the *Harris* plaintiffs, Mr. Lund took no efforts to initiate the redemption process within the redemption period. Nor is there evidence that Mr. Lund was prevented from initiating redemption by either Coastal or the tax collector. Moreover, the *Harris* plaintiffs' act of initiating a lawsuit for redemption of the property is

6

distinct from the answer filed by Mr. Lund.  "A civil action is a demand for the enforcement of a legal right."  La. C.C.P. art. 421.  Thus, the *Harris* plaintiffs' lawsuit constituted a demand to enforce their legal right to redemption.  By contrast, Mr. Lund's answer did nothing to demand enforcement of his right to redemption.  Mr. Lund's answer thus failed to suspend or interrupt the redemption period.  Accordingly, we find this assignment of error unpersuasive.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed.

**AFFIRMED**