534 So.2d 983 (1988)
STORK-WERKSPOOR DIESEL V.V. and SW Diesel Gulf, Inc.
v.
H.C. KOEK.
No. 88-CA-332.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*984 G. Edward Merritt, Walter Carroll, Jr., New Orleans, for plaintiffs-appellees.
Philip A. Fant, New Orleans, for defendant-appellant.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by H.C. Koek, defendant-appellant, from a preliminary injunction prohibiting him from divulging trade secrets of his former employer in violation of his employment contract and the Louisiana Uniform Trade Secrets Act, La.R.S. 51:1431, et seq. Because the employment contract is now terminated under its own terms, that portion of the injunction prohibiting him from violating that contract has likewise expired. The question of whether that injunction properly issued is therefore moot. As to the Trade Secrets Act, because we find that the act is not applicable to the facts before us, and that the petitioner has an adequate remedy at law, we conclude that this portion of the preliminary injunction improperly issued, and hereby dissolve it.
The pertinent facts are these. In 1983, H.C. Koek, a Dutch citizen, was employed by Stork-Werkspoor Diesel B.V. (SWD) in the Netherlands. He was assigned to work in Louisiana at one of that company's subsidiaries here. On October 1, 1985, Koek *985 left that employment, but has remained in Louisiana as a resident alien.
In 1981, a container ship, the Elma Tres, sank during a storm in the Bermuda Triangle. In 1984, the cargo owners brought suit in U.S. District Court for the Southern District of New York, seeking damages of twenty million dollars, and naming SWD, among others, as a defendant. The allegations against this defendant are that it defectively designed and manufactured the engines in the ship, thus causing the sinking. During discovery in that matter, SWD learned, in answers to interrogatories, that Koek had been employed as an expert by the cargo owners. The pertinent answer stated as follows:
... Mr. Koek was consulted for the purpose of giving his expert engineering opinion concerning the loss of the ELMA TRES, to advise on Stork-Werkspoor Diesel B.V. operations, record keeping, engineering, research and development programs, and to assist in translating documents in Dutch.
Then, on November 19, 1987, Koek appeared with counsel for the cargo owners at a deposition of one of SWD's employees. Counsel for SWD objected to Koek's presence, but to no avail.
Nothing in the record shows whether relief was sought on this issue by SWD in the federal court. Nonetheless, the present action to enjoin Koek from further assisting the cargo owners was commenced here shortly after the deposition. The allegations of the petition for injunctive were that Koek was violating his employment contract with SWD, and also violating the Louisiana Trade Secrets Act; La.R.S. 51:1431 et seq. After a hearing at which extensive testimony was heard, a preliminary injunction issued prohibiting Koek from violating his contract, and further "from misappropriating or otherwise divulging confidential information and/or trade secrets obtained in the course and scope of his employment" with the petitioner. This appeal followed.
The clause of the contract at issue here is as follows:
Employee shall during the contract term and during three years after termination of it, exercise secrecy toward third parties concerning all special features such as amongst others, machinery, inventions, patents, drawings, models, contracts, suppliers and customers, of which he has taken knowledge during the contract term and which belong to the working procedures or results of Employer.
It is not contested that Koek left the employment of SWD on October 1, 1985, more than three years ago. Since that contract has expired by its own terms, as of October 1, 1988, the injunction prohibiting him from violating that contract is now no longer in force. Because Koek does not seek damages or attorney fees for wrongful issuance of the injunction, we need not resolve that question. This entire issue is therefore moot.
As to the second portion of the injunction, it is this court's opinion that the Trade Secrets Act is not applicable to the present dispute. In Engineered Mechanical Services v. Langlois, 464 So.2d 329 (La.App. 1st Cir.1984), the court discussed the history and underlying policy considerations of our Trade Secrets Act. It noted that prior to passage of this act, trade secrets were protected in this state by La. R.S. 51:1405, which makes it unlawful to engage in unfair trade practices. The court further noted that "unfair methods of competition are against public policy".... (at 334).
Although the Trade Secrets Act does not directly state its purpose, the comments following each section of the act (all of which appear in the original Acts 1981, No. 462) are replete with references to unfair commercial advantage resulting from disclosure of trade secrets to competitors. The conclusion of this court is, therefore, that the prohibitions of the act are to prevent one perosn or business from profiting from a trade secret developed by another, because it would thus be acquiring a free competitive advantage. The act was never intended to apply to discovery in civil actions and we decline to so interpret it.
*986 In the present case, there is no allegation, much less proof, that any information which has been or might be supplied by Koek to the cargo owners will be used by them to compete unfairly with SWD. Instead, they are attempting to acquire information for the sole purpose of determining whether or not the engines in the ship were defective in design or manufacture. Although the information sought will certainly be of economic advantage if they prevail in their federal suit, that advantage does not derive from use of the information in an unfairly competitive manner. In these circumstances, it is this court's opinion that the Trade Secrets Act is not applicable.
We are further persuaded that the act is not applicable here because to hold otherwise would lead to absurd consequences. Proof in products liability cases often involve trade secrets of design, manufacturing, testing and other information, which would provide competitors with an unfair advantage were it made known to them. However, both Rule 26(c) of the Federal Rules of Civil Procedure send La. Code Civ.Pro. art. 1426, provide protection to litigants when such information is sought for discovery purposes. Their remedy is to seek protective orders from the court which will prevent disclosure of those secrets to others who could use them for unfair competitive purposes. To permit such litigants, in addition, to enjoin disclosure of such information by all of its employees under the Trade Secrets Act would have the effect of rendering all discovery devices totally ineffective. The result would be that meritorious claims could never be fairly litigated where crucial information was cloaked in the mantle of "trade secrets". Such a result would, in this court's opinion, be absurd and would lead to manifest injustice.
Finally, injunctive relief is not available to parties who have an adequate remedy at law, Tubular Threading, Inc. v. Scandaliato, 443 So.2d 712 (La.App. 5th Cir.1983). Because petitioner has an adequate remedy under the Federal Rules of Civil Procedure by which to prevent any trade secrets from coming into the wrong hands, injunctive relief is inappropriate in this case.
For the foregoing reasons, the preliminary injunction which issued in this case is hereby dissolved.
INJUNCTION DISSOLVED.